**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| WILLIAM HINES,            ) | |
|     Plaintiff,         ) | |
| vs.                       ) | No.  3:11-CV-2938-M-BH |
|                           ) | |
| CHRIS COUNTRYMAN,[1]      ) | |
|     Defendant.        ) | Referred for Pretrial Management |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the complaint should be dismissed as time-barred.

**I. BACKGROUND**

Plaintiff filed this civil action against police officer Chris Countryman on October 28, 2011. He claims that on October 22, 2009, Countryman wrongfully arrested him in Kaufman County, Texas, for operating a vehicle without the owner's consent. (1st Magistrate Judge's Questionnaire (MJQ), Ans. 3, 7). Plaintiff contends that after he paid a $500 bond and served one day in jail, the charges against him were dropped. (1st MJQ Ans. 7).

**II. PRELIMINARY SCREENING**

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to judicial screening under 28 U.S.C. § 1915(e)(2). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune

---

[1] The docket sheet erroneously lists Kaufman County as a defendant. Plaintiff's complaint does not name Kaufman County as a defendant or assert any factual allegations against it, and he never listed it as a defendant in his answers to the Magistrate Judge's Questionnaires. Accordingly, the Clerk's Office shall terminate Kaufman County as a party to this suit.

from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### III. STATUTE OF LIMITATIONS

Courts "may raise the defense of limitations *sua sponte*." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). "[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed" under 28 U.S.C. § 1915(e)(2)(B). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *accord*, *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006).

Federal courts look to the law of the forum state to determine the length of the statute of limitations applicable in cases filed pursuant to 42 U.S.C. § 1983. *Wallace v. Kato*, 549 U.S. 384, 387 (2007).[2] The general statute of limitations governing personal injuries in the forum state provides the applicable limitations period. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Texas has a two-year statute of limitations for personal injury claims, so Plaintiff had two years from the date his claims accrued to file suit. *Id.*; *accord Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000).

While state law determines the length of the limitations period, federal law determines the

---

[2] While Plaintiff does not expressly invoke § 1983, his claim that he was falsely arrested asserts a violation of his Fourth Amendment rights under § 1983. *See* 549 U.S. at 387-88.

2

accrual date. *Wallace*, 549 U.S. at 388; *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008). Generally, a claim accrues when the plaintiff has "a complete and present cause of action," or "when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (citation and internal quotation marks omitted).

> "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" A plaintiff's awareness encompasses two elements: "(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further."

*Piotrowski*, 237 F.3d at 576 (citations omitted); *Walker*, 550 F.3d at 414.

Here, Plaintiff was arrested on October 22, 2009, and his claim accrued on that date. *Wallace*, 549 U.S. at 391-92 (holding that the statute of limitations on a claim of false arrest began to run when Wallace appeared before the magistrate, not when he was later released). Plaintiff's complaint was filed on October 28, 2011, more than two years later. (Compl. at 1).[3] His claim is therefore time-barred in the absence of equitable tolling.

### IV. TOLLING

The applicable limitations period may be equitably tolled in appropriate circumstances. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "[W]hen state statutes of limitation are borrowed, state tolling principles are to be the 'primary guide' of the federal court. The federal

---

[3] Under the prison mailbox rule, a civil action filed by a prisoner is deemed filed when the prisoner delivers the pleadings to prison authorities for mailing to the court. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir.1995). Because Plaintiff was not a prisoner when he filed his complaint, the rule does not apply, and his complaint is deemed filed on the date it was delivered to the Court. *See* FED. R. CIV. PROC. 3, 5(d)(2). Even if applicable, the mailbox rule would not save his complaint because it was mailed on October 24, 2011, more than two years after his cause of action accrued. (*See* doc. 2.)

3

court may disregard the state tolling rule only if it is inconsistent with federal policy." *See FDIC v. Dawson*, 4 F.3d 1303, 1309 (5th Cir. 1993) (citations omitted).  Equitable tolling preserves a plaintiff's claims where strict application of the statute of limitations would be inequitable. *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 19956).  However, federal law requires that litigants diligently pursue their actions before equitable tolling becomes available. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999); *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("equity is not intended for those who sleep on their rights").

Plaintiff alleges that the statute of limitations should be equitably tolled because he was represented by an attorney for a year, but the attorney withdrew from his case in November 2011. Plaintiff claims that when the attorney withdrew, he had only two weeks to file the case himself. (2nd MJQ Ans. 2.) Plaintiff has not shown that he has diligently pursued his claims against the defendant such that equitable tolling is warranted.  First, while Plaintiff asserts that his attorney withdrew in November of 2011, Plaintiff filed his *pro se* complaint on October 28, 2011.  Even if his lawyer withdrew in November of 2011, Plaintiff had already filed his two-word complaint of "false arrest". (*See* doc. 2.)  He also has not explained why he could not have filed his complaint during the year before he retained the attorney.

Plaintiff has failed to allege extraordinary circumstances that warrant equitable tolling.  The Fifth Circuit has stated that equitable tolling is appropriate in cases where a plaintiff is either actively misled by the defendant or is prevented in some "extraordinary way" from asserting his rights. *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).  An attorney's deception in convincing his client that he had filed a pleading, when he has not, could warrant equitable tolling. *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002).  "[M]ere attorney error

4

or neglect is not an extraordinary circumstance such that equitable tolling is justified", however. *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). This is at most what Plaintiff is alleging. He has not shown that equitable tolling is warranted, and his complaint should therefore be dismissed as time-barred.

## V.  RECOMMENDATION

Plaintiff's action should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) based on his failure to file suit within the statutory period of limitations.

**SIGNED this 12th day of April, 2012.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE